THOMAS FALLON *vs.* CITY OF BOSTON.

If a person, while not exercising ordinary care himself, receives an injury by falling into
a cellar way dug through a sidewalk, he cannot recover damages therefor against a
city, although the city may have been in fault in not erecting a barrier to guard the
opening.

TORT for damages sustained by reason of a defective high-
way. The injury was received by falling into a cellar way in
North Street, in the city of Boston, and the defence relied upon
was that the plaintiff, at the time of receiving the injury, was
not in the use of ordinary care.

At the trial in this court, before *Metcalf*, J., it appeared that a
license in the usual form had been obtained by the proprietor of
the building to which the cellar way was attached, to open it
and dig through the sidewalk into the street, for the purpose of
laying a drain from the cellar to the main sewer under the street,
and that the sidewalk was dug through accordingly. At the
time when the plaintiff fell through the opening so made in the
sidewalk, which was at mid-day, there was no rail or other
sufficient fence placed and fixed, so as to inclose the opening, as
prescribed by the city ordinance concerning streets. The judge,
after instructions concerning ordinary care, which were not ex-
cepted to, instructed the jury that the city ordinance did not
impose on the city any greater liability to a person who received
an injury while not exercising ordinary care than was imposed
by the general laws, and that however great might be the fault
of the city or its officers in not keeping its streets and sidewalks
safe and convenient for travellers, as required by the general
laws, or its own ordinances, or both, yet if a person for want of
ordinary care exercised by himself suffers an injury while pass-
ing along an unsafe street or sidewalk, he cannot recover dam-
ages for that injury. The jury returned a verdict for the defend-
ants, and the plaintiff alleged exceptions.

*I. Knowles, Jr.*, for the plaintiff.

*J. P Healy*, for the defendants, was not called upon.

BIGELOW, C. J.   We see no error in the instructions given to the jury.   The phrase ordinary care is equivalent to reasonable care, and necessarily involves the idea that such care was to be used as a reasonable person, under like circumstances, would adopt to avoid an accident, notwithstanding the defect in the street.   *Rockwood* v. *Wilson,* 11 Cush. 226.   *Fletcher* v. *Boston & Maine Railroad,* 1 Allen, 15.   As the case finds that the directions to the jury on this point were not excepted to, the plaintiff has no ground for complaint.   *Exceptions overruled.*